DWK:EF
U.S. Department of Ju  :e

Office of the
*Washington, D.C. 20530*
NOV - 4 1988


MEMORANDUM FOR DICK THORNBURGH
Attorney General

Re:   Acceptance of Gifts and Awards
      by the Attorney General

This memorandum is in response to your request for information on the applicable limits and regulations affecting the acceptance of gifts and awards by the Attorney General. This memorandum is not exhaustive, and it is intended only to provide general guidance. Please do not hesitate to call on this Office should you or your staff wish additional assistance in interpreting any particular rule.

## I.   Restrictions on Acceptance of Gifts

The rules governing the acceptance of gifts by departmental officers and employees are derived from the criminal conflict of interest statutes, 18 U.S.C. 201-209, from Exec. Order No. 11222, 3 C.F.R. 67 (1964-1965 Comp.), and from Department of Justice regulations.[1]

While your inquiry relates to the treatment of gifts to you personally, we note at the outset that the Department of Justice does not have statutory authority to accept gifts <u>as a Department</u>.[2]  Therefore, you and your staff are precluded from

---

[1] See, <u>e.g.</u>, 18 U.S.C. 201 (prohibiting the acceptance of anything of value with the intent to influence an official action or in return for an official act); 18 U.S.C. 203 (prohibiting the acceptance of sharing of fees derived from a matter involving the Federal Government when the fee is based on any person's representation before a Department or agency during the period of the employee's government service); and 18 U.S.C. 209(a) (prohibiting the acceptance of "any salary, or contribution to or supplementation of salary, as compensation for" the recipient's services rendered to the government.").

[2] By comparison, eight of the thirteen Cabinet-level agencies have general authority to accept gifts of money or property "for the purpose of aiding or facilitating the work" of
(continued...)

accepting gifts on behalf of the Department from anyone.[3] If the gift is not accepted on behalf of the Department, it will be viewed as a gift to the individual. This, in turn, raises two concerns: whether acceptance of a gift is permissible under the applicable laws and regulations and how the gift should be reported on your financial disclosure form.[4]

A.  Statutory Restrictions on the Acceptance of Gifts

The most significant restriction on your ability to accept gifts as an individual is 18 U.S.C. 209(a), which is a criminal law prohibiting the receipt of "any salary, or any contribution or supplementation of salary, as compensation for . . . services as an officer or employee" of the Federal Government. See Attachment 1. This section prohibits government employees from accepting anything of value from a nongovernmental source which is intended to provide additional salary or compensation for the official's government work.[5] Section 209, which applies to gifts of tangible property, as well as to things that might more conventionally be regarded as a supplementation of salary, does not depend upon the existence of a conflict of interest or an appearance of impropriety. The statute also has no de minimis exception.

Because section 209(a) has no exception for items of minimal value, the dispositive issue in a section 209 inquiry is whether

_____

[2](...continued) the agency. These include the Departments of Agriculture (7 U.S.C. 2269), Commerce (15 U.S.C. 1522-23), Education (20 U.S.C. 3481), Energy (42 U.S.C. 7262), Housing and Urban Development (42 U.S.C. 3535(k)), State (22 U.S.C. 2697), Transportation (49 U.S.C. 326), and Treasury (31 U.S.C. 321(d)(1)).

[3]  Cf., the Emoluments Clause of the Constitution forbids officers of the United States from accepting gifts from foreign countries without the consent of Congress. U.S. Const., art. I, sec. 9, cl. 8. The Foreign Gifts Act, 5 U.S.C. 7342, provides limited consent for the acceptance of gifts in certain circumstances on behalf of the United States, and, where the value is minimal, on behalf of oneself. S.Rep. No. 1160, 89th Cong., 2d Sess. 2 (1966). See infra at Section III.

[4] This memorandum does not discuss possible tax consequences, but there may be some if you accept gifts of more than a nominal value.

[5] The most frequently used example is moving expenses, which former employers often attempt to pay in order to minimize the financial hardship to a new government employee. See, e.g., 5 Op. O.L.C. 150 (1981).

- 2 -

a gift is offered on account of the recipient's performance of official duties. Section 209(a) forbids only payments that are intended to serve as additional compensation to an individual for undertaking or performing government service.

> The statutory objection is not to the outside income, but to the linkage between the income and the performance of official duties. The purpose is to prevent an outside source from diluting an official's loyalty by paying him on the side what the government has already hired him to do.

B. Manning, Federal Conflict of Interest Law, at 146 (1964). Therefore, for each gift there must be an evaluation of whether the gift provides financial benefit and whether it has been tendered in an effort to supplement your official salary or in gratitude for some action you have taken in your official position. We emphasize that no one factor is determinative and that the totality of the circumstances must be examined in each case.

The evaluation should reference the purpose underlying section 209, that is, "that no Government official or employee should serve two masters to the prejudice of his unbiased devotion to the interests of the United States." See 33 Op. Att'y Gen. 272, 275 (1942). Accordingly, we believe that the primary inquiry is an assessment of the motivation for the gift. For example, if it is something given to a large number of individuals, both in and out of government, then it is less likely to be classed as prohibited compensation under section 209.[6] In addition, although section 209 has no de minimis exception, you should consider the value of a particular gift in ascertaining motivation and determining whether acceptance of that gift could be said to "prejudice" your duty to interests of the United States. The more valuable the gift, the more likely it is that an objective observer would conclude that the gift was intended to supplement your official salary. The identity of the donor is also important to consider in assessing whether a particular gift is compensation for government service or whether it might be viewed as prejudicing your undivided loyalty to the Department. Gifts of low value from donors who have no ties to the Department and no reason to be interested in the particulars of your official duties will probably be found not to violate section 209. Expensive gifts from interested parties would obviously be precluded. Thus, routine donations of commemorative

---

[6] For example, if a university has an established policy of continuing certain benefits for faculty on leave, whether in government service or at another academic institution, acceptance of such benefits would ordinarily not be viewed as contrary to section 209. See 5 Op. O.L.C. 150 (1981).

plaques, souvenirs and other gifts of limited value are not typically characterized as the kind of "compensation for services as an employee of the United States" prohibited by section 209.

It should also be noted that section 209 contains no provision for depositing prohibited gifts in an archive or elsewhere. Under section 209(a), the mere acceptance of such items constitutes the violation. Since the Department of Justice cannot accept a gift, if you conclude that a gift was intended as a supplement to your salary or to compensate you for your official acts in violation of section 209(a), you must return the gift.

On the other hand, section 209(a) does not prohibit the receipt of awards from certain charitable and other similar organizations, even where the recipient's federal service was the public service that gave rise to the award. 28 C.F.R. 45.735-14a(e). The Department has come to this conclusion because awards usually do not give rise to the divided loyalty that section 209(a) was designed to prevent, particularly because the grantors are typically more likely to be disinterested in the performance of the public official's duties with respect to particular matters. However, whether something is best described as a gift or an award is often a difficult and fact-bound issue. One of the functions of this Office is to assist you in making such determinations.

### B. Executive Order and Department Restrictions Affecting Gifts

Even if a gift is not intended to influence an official in violation of 18 U.S.C. 201 or to serve as a supplement to his salary in violation of 18 U.S.C. 209, the gift may be barred by the broader sweep of Exec. Order No. 11222 (Attachment 2) or Department of Justice regulations. Exec. Order No. 11222 prohibits an official from accepting gifts or "any other thing of monetary value" from any person or corporation which, inter alia, does business with his agency, conducts activities which are regulated by his agency or which has interests which may be substantially affected by the performance or nonperformance of his official duty. Id., sec. 201(a)(1)-(3). An agency may by regulation make such exceptions to this general prohibition "as may be necessary and appropriate in view of the nature of their agency's work and the duties and responsibilities of their employees." Id., sec. 201(b). The Executive Order is implemented by the Department of Justice's Standards of Conduct which prohibit the solicitation or acceptance of gifts or other things of "monetary value" from any person who:

(1) Has, or is seeking to obtain, contractual or other business or financial relations with the Department;

- 4 -

(2) Conducts operations or activities that are regulated by the Department;

(3) Is engaged, either as principal or attorney, in proceedings before the Departmen[t] or in court proceedings in which the United States is an adverse party; or

(4) Has interests that may be substantially affected by the performance or nonperformance of the employee's official duty.

28 C.F.R. 45.735-14(a)(1)-(4). As with 18 U.S.C. 209(a), there is no de minimis exception.

There are exceptions for certain limited classes of gifts. The prohibition does not apply to "solicitation or acceptance of anything of monetary value from a friend, parent, spouse, child or other close relative when the circumstances make it clear that the motivation for the action is a personal or family relationship." 28 C.F.R. 45.735-14(c)(1). Nor does it apply to bank loans containing customary terms for individual purposes such as mortgages, or to "acceptance of unsolicited advertising or promotional materials, such as pens, pencils, note pads, calendars or other items of nominal intrinsic value." 28 C.F.R. 45.735-14(c)(3),(4). These exceptions recognize that there are situations in which the acceptance of a gift from an otherwise prohibited source will not, as a practical matter, raise any significant appearance of impropriety.

In general, in advising whether a particular item should be regarded as having "nominal intrinsic value" for the purpose of this regulation, we have tended to take into account both the gift's fair market value and the gift's practical value to the recipient. Typically, plaques, certificates and other similar tokens of appreciation have little if any market value and are of limited practical value to the recipient as well.[7]

One other provision of Exec. Order No. 11222 must be considered in determining whether to accept any gift. Section 201(c), like 5 C.F.R. 735.201a, requires that executive branch personnel avoid any action that might result in or create the appearance of using public office for private gain, the loss of complete independence or impartiality, or the loss of public

_____

[7] Again, as indicated in the text, if something is truly an award given by a charitable or similar organization, which has an established history of giving such awards to others, the award's monetary value is generally not determinative. In such event, government employees "may accept awards . . . so long as the circumstances are such that acceptance is compatible with the other principles set forth in [Part 45]." 28 C.F.R. 735-14a(e). See our discussion of awards, supra.

- 5 -

confidence in the integrity of the government. This language, while general in nature, serves as a reminder that it is necessary to evaluate whether acceptance of a gift is appropriate as well as lawful.

Overall, the soundest course would be to decline any gifts except unsolicited items of relatively insignificant monetary or practical value. To minimize problems, your staff should, when scheduling events, notify potential individual and corporate donors that although you are honored by their thoughtfulness, you must decline gifts as a matter of propriety and compliance with the standards outlined above. Finally, because gifts that are prohibited under these provisions may not be accepted "directly or indirectly," we would advise that no gifts should be accepted by Mrs. Thornburgh that could not be accepted directly by you.

Finally, while it is not the subject of this memorandum, it should be noted that reimbursement from any source other than the Federal government for transportation, food and lodging in connection with official business is generally not permissible. See 28 C.F.R. 45.735-14a(a). There is a highly limited exception for the acceptance of reimbursement from an organization qualifying under section 501(c)(3) of the Internal Revenue Code, but only in connection with "training or attendance at meetings."[8]

## II. Financial Disclosure

In addition to the restrictions on the receipt or acceptance of gifts outlined above, you are also required by the Ethics in Government Act to file an annual financial disclosure statement with the Office of Government Ethics reporting any gifts, including honoraria, received during the year.[9] The Act requires the reporting of "[t]he identity of the source, a brief description, and the value of all gifts other than transportation, lodging, food, or entertainment aggregating $100 or more in value received from any source other than a relative . . . , except that any gift with a fair market value of $35 or less need not be aggregated . . . ." 5 U.S.C. Appendix, sec.

---

[8] The Department, with the concurrence of OGE, has determined that "meetings" include most functions funded by 501(c)(3) organizations, including dinners.

[9] Disclosure requirements are in addition to, not a substitution for, the restrictions on the receipt of gifts, even though the latter may be more restrictive.

202(a)(2)(B).[10]  See also 5 C.F.R. 734.301(c)(1), (5).  You must also disclose those gifts accepted by your wife or dependent children that were received by them "by reason of such spouse's or dependent child's relationship to [you]."  5 C.F.R. 734.303(b)(3).

Separate, specific disclosure requirements also apply to gifts and reimbursements of more than $250 worth of "transportation, lodging, food, or entertainment [received] from any source other than a relative."  5 C.F.R. 734.301(c)(2). While the $35 threshold for aggregating is also applicable here, those gifts which are received as the "personal hospitality of any individual"[11] need not be reported.  Id.

### III. Foreign Gifts

The rules governing the acceptance of gifts from units or representatives of a foreign government are different from those discussed above.[12]  The Foreign Gifts Act, 5 U.S.C. 7342, permits federal employees to accept from a foreign government "a gift of minimal value tendered and received as a souvenir or mark of courtesy."  5 U.S.C. 7342(c)(1)(A).  The gift may not, of course, be solicited.  5 U.S.C. 7342(b)(1).  A gift of more than "minimal value" may be accepted if "it appears that to refuse the gift would likely cause offense or embarrassment or otherwise adversely affect the foreign relations of the United States"; such a gift, however, is "deemed to have been accepted on behalf of the United States, and, upon acceptance, shall become the property of the United States."  5 U.S.C. 7342(c)(1)(B)(i). Pursuant to the Federal Property Management Regulations, 41 C.F.R. Part 101-49, which implements the Foreign Gifts Act, "minimal value" means "a retail value in the United States at the time of acceptance of $180 or less . . . ."  41 C.F.R. 101-49.001-5.  It should be noted that "where more than one tangible item is included in a single presentation, the entire

---

[10] Value is defined to mean "a good faith estimate of the dollar value if the exact value is neither known nor easily obtainable."  5 C.F.R. 734.105.

[11] The term "personal hospitality of any individual" is defined as hospitality "extended for a nonbusiness purpose by an individual, not a corporation or organization, at the personal residence of that individual or the family of such individual or on property or facilities owned by that individual or the family of such individual."  5 C.F.R. 734.105.

[12] Gifts from foreign private individuals, however, are subject to the same rules discussed above for gifts from domestic donors.

presentation shall be considered as one gift," with the aggregate value not exceeding the "minimal value." 22 C.F.R. 3.4(b)(1).

You are responsible for determining whether a foreign gift offered to you meets the "minimal value" requirements. 22 C.F.R. 3.4(a)(2). If a dispute should arise over its value, "the employing agency will secure the services of an outside appraiser to establish whether the gift is one of 'minimal value.'" 22 C.F.R. 3.4(b)(2).[13]

All foreign gifts valued at $50 or more must be reported to the Assistant Attorney General for Administration within 15 days of their acceptance (or, if you are on a lengthy foreign trip, within 15 days of your return), pursuant to the Justice Property Management Regulations (JPMR), Part 128-49. Any foreign gifts accepted on behalf of the United States should be turned over to the Justice Management Division for proper disposition. If you decide to personally accept a foreign gift that is in excess of $100 but is of less than "minimal value," you must report it, along with domestic gifts, on your financial disclosure form. 5 C.F.R. 734.301(c)(1).

## IV. Handling of Gifts of Nominal Value

You have also asked whether it would be acceptable for someone on your staff to identify those gifts that are clearly below the value limitations, without seeking a formal appraisal. We believe that someone on your staff could be tasked with the responsibility, in consultation with this Office when necessary, with separating commemorative gifts of nominal value which need not be returned or reported from others that must. The value of an item can be determined without appraisal if it is generally available in the marketplace; in such event, the rule states that "the value shall be its retail price." 5 C.F.R. 734.301(c)(4)(i). The reporting individual "need not contact the donor but may and should contact a retail establishment selling similar items to determine the present cost in the market." Id. We believe that this language indicates that it is not mandatory that such contacts be made in every circumstance, particularly when the gift in question is clearly below the value limitation of what may be legally accepted. If the item is one with which your staff is familiar, it would not make sense to call a retail store every time such an item is received. Accordingly, we believe it would be permissible for a member of your staff to value items either where the staff person has personal knowledge of the value of an item or where it is clear that the value of

---

13 The cost of the appraisal will be borne by the Department if the appraisal establishes that the value of the gift is less than $200. If it reveals a higher value, you would have to pay the cost of the appraisal. Id.

- 8 -

the gift is nominal, either for purposes of accepting a commemorative gift of nominal value under 28 C.F.R. 45.735-14(c)(4) or a foreign "minimal value" gift under 5 U.S.C. 7342(c)(1)(A) or for purposes of filing your financial disclosure report. 5 C.F.R. 734.301(c)(5).

## V. Conclusion

As a general rule, to minimize your administrative burdens, the sponsors of events to which you are invited should be discouraged from presenting you with anything except commemorative gifts of nominal value. In all events, any accepted gift must be unsolicited, and before acceptance, should be evaluated to see if it violates 18 U.S.C. 209, Executive Order No. 11272 and the Department's implementing Standards of Conduct or the other applicable rules or statutes discussed herein. Bona fide awards can be accepted from charitable and other similar organizations. Assuming under the Standards outlined herein that it is appropriate to accept a gift, that gift must be disclosed on your financial disclosure report if it is worth more than $100 and is from a source other than a relative. Assuming under the Standards outlined herein that it is appropriate to accept a reimbursement, that reimbursement for travel or lodging must be disclosed on your financial disclosure report if it is worth more than $250 and is from a source other than a relative. Foreign gifts in excess of $180 should not be accepted, or if accepted to avoid diplomatic embarrassment, must be turned over to the Justice Management Division. Any foreign gift accepted and valued at $50 or more must be promptly reported to the Assistant Attorney General for Administration, and if in excess of $100 but not greater than $180, reported on your financial disclosure report.

Please let me know if we can be of further assistance.

Douglas W. Kmiec
Assistant Attorney General
Office of Legal Counsel

cc: Robin Ross
    Tony Schall
    Murray Dickman
    Cuyler Walker

- 9 -